IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE VESPER,<br><br>               Plaintiff,<br><br>    v.<br><br>3M COMPANY, et al.,<br><br>               Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>    Civil Action No.<br>1:15-cv-01322 (JBS/AMD)<br><br><br>**OPINION** |

APPEARANCES:

Michael S. Noonan, Esq.
THE NOONAN LAW FIRM LLC
127 Maple Avenue
Red Bank, NJ 07701

William L. Kuzmin, Esq.
COHEN, PLACITELLA & ROTH, P.C.
127 Maple Avenue
Red Bank, NJ 07701
     Attorneys for the Plaintiff

Christopher J. Keale, Esq.
SEDGWICK LLP
One Newark Center
1085 Raymond Boulevard
16th Floor
Newark, NJ 07102
     Attorney for Defendants CBS Corporation, Foster Wheeler,
     LLC, and General Electric Company

**SIMANDLE, Chief Judge:**

     This matter comes before the Court on Plaintiff George

Vesper's (hereinafter "Plaintiff" or "Vesper") motion to remand

this action to Superior Court of New Jersey. [Docket 13.] On

                                    1

August 14, 2014, Plaintiff filed a complaint in New Jersey Superior Court against 31 named defendants, alleging that he was exposed to defendants' asbestos products at various worksites where Plaintiff worked as machinist, pipe fitter, and electrician during the 1950s, 1960s, and 1970s. Three defendants, CBS Corporation, individually and as successor to Westinghouse ("Westinghouse"), Foster Wheeler Energy Corporation ("Foster Wheeler"), and General Electric Company ("GE") (collectively "Defendants"), removed this action on February 20, 2015, pursuant to 28 U.S.C. § 1442(a)(1), asserting that this Court has federal jurisdiction over Plaintiff's claims because there is a colorable federal law-based "government contractor" defense to Plaintiff's claims. [Docket Item 1.]

Plaintiff argues in his motion to remand that notice of removal was untimely filed because it was not filed within thirty days of the initial Complaint, as required by 28 U.S.C. § 1446(b). Defendants contend that removal was proper because the basis for federal jurisdiction was not apparent on the face of the Complaint. They argue that Plaintiff's Answers to Interrogatories on February 3, 2015, in which Plaintiff stated that Vesper was exposed to asbestos from working aboard four Navy ships containing Defendants' equipment, first created the basis for removal. Thus, the issue before the Court is whether

the Complaint contained enough allegations to suggest the existence of a federal question.

For the reasons discussed below, the Court finds that it did not, and that Defendants did not have notice of a plausible federal contractor defense until it received Plaintiff's Answers to Interrogatories. Thus, Defendants' notice of removal was timely filed and Plaintiffs' motion to remand will be denied.

**I. BACKGROUND**

The instant action arises out of Plaintiff George Vesper's alleged exposure to asbestos from a variety of products mined, milled, manufactured, sold, supplied, purchased, marketed, installed and/or removed by various corporations, including Defendants Westinghouse, Foster Wheeler, and GE. (Compl. [Docket Item 1-2] ¶¶ 1-6.) Plaintiff filed the Complaint in New Jersey Superior Court, Middlesex County, on August 14, 2014, naming 31 defendants.[1] (Id.) Defendant CBS Corporation was served with the

---

[1] Plaintiff named as defendants 3M Company; Alcatel-Lucent, USA, Inc.; American Premier Underwriters, Inc.; Bayer Cropscience, Inc.; Borg Warner Corporation; Buffalo Pumps, Inc.; CBS Corporation; Certaineed Corporation; Coltec Industries; Consolidated Rail Corporation, Inc.; Copes-Vulcan, Inc.; Crane Pumps & Systems, Inc.; DAP Inc.; Durametallic Corporation; Duro Dyne Corporation; Fairbanks Morse Engine and Enpro Industries, Inc.; Foster Wheeler, LLC; General Electric Company; Georgia-Pacific, LLC; Gould Pumps, Inc.; Honeywell International Inc.; IMO Industries Inc.; Ingersoll-Rand Company; Marley Wylain Company; Motion Control Industries; Notte Safety Appliance Company; Owens-Illinois, Inc.; Sid Harvey Industries, Inc.;

3

initial pleadings on August 29, 2014; Foster Wheeler and GE were served on August 27, 2014. (Exs. B, C & D to Mot. to Remand [Docket Item 13].)

In the Complaint, Plaintiff alleged that he worked as a machinist, pipe fitter and electrician during the 1950s, 1960s, and 1970s, and was exposed to and came in contact with asbestos products "at various worksites including The New York Ship Building Company [in Camden, New Jersey], the Rail Yards of the Pennsylvania Railroad located in New Jersey as well as other sites throughout the State of New Jersey during the 1950's, 1960's, and 1970's." (Complaint ¶ 1.) Plaintiff alleged that Defendants manufactured or supplied the asbestos-containing products to which he was exposed, and that he developed asbestosis in 2013 as a result of the exposure. (Id. ¶ 4.)

On February 3, 2015, Plaintiff served Defendants with a copy of their Answers to Standard Interrogatories. (Interrog. Resp., Ex. 4 to Defs. Opp'n [Docket Item 20-5].) In response to a question concerning his on-the-job exposure to asbestos, Plaintiff wrote,

> I believe I was exposed to asbestos from the 1950's to 1970's at the following worksites:
> New York Ship Building Company – Camden, NJ
>
> • USS Savannah

---

Union Carbide Corporation; Warren Pumps; and Weil-McLain Company. (See Complaint [Docket Item 1-2], at 1-3.)

4

- USS Kitty Hawk
- USS Bonefish
- USS Little Rock

(Id. I.6.) Vesper also stated his belief that he was exposed to asbestos-containing products in the form of Foster Wheeler boilers; GE boiler propulsions, motors, and turbines; and Westinghouse electrical cabinets, generators, and turbines. (Id.)

On February 20, 2015, 17 days after Defendants were served with Plaintiff's response and approximately six months after Plaintiff served his Complaint upon GE, Westinghouse, and Foster Wheeler, Defendants Foster Wheeler, GE, and Westinghouse removed the case to this Court pursuant to 28 U.S.C. § 1442(a) under a theory that Plaintiff's interrogatory answers raised a colorable federal defense. Specifically, because Defendants manufactured equipment for use on Navy ships pursuant to contracts executed with the U.S. Navy, the basis for removal was the federal contractor defense – that Defendants "acted under the authority, direction and control of an officer or agency of the United States for purposes of 28 U.S.C. § 1442(a)(1)." (Notice of Removal [Docket Item 1] at 3.) The instant motion to remand followed.

Ordinarily, a defendant must remove an action to federal court within 30 days of receiving an initial pleading. 28 U.S.C.

§ 1446(b). However, if the initial pleading is not removable, § 1446(b) permits a defendant to remove a case within 30 days of receiving a "pleading, motion, order, or other paper" which states a basis for federal jurisdiction.

In his motion to remand, Plaintiff argued that removal was untimely under § 1446(b) because the initial Complaint gave Defendants notice of federal jurisdiction and started the clock for removal. In particular, Plaintiff argues that the Complaint, which alleged that Plaintiff suffered injuries due to asbestos exposure while working at the New York Ship Building Company, provided adequate notice for a plausible federal contractor defense, because Defendants have been active in asbestos litigation for decades and "have knowledge that their products were used at the New York Ship [B]uilding Company throughout the 1950's on Naval ships." (Mot. to Remand at 3-4.)

In opposition, Defendants argued that the initial pleading did not provide sufficient information for Defendants to determine whether the case was removable, and the thirty-day limit was not triggered until Defendants received Plaintiff's Interrogatory Answers. (Id. at 10.) Accordingly, removal was timely since it occurred February 20, 2015, which was within thirty days of receipt of "other papers." (Defs. Opp'n at 9-10.)

The sole question to be answered by this Court is whether Defendants' removal was timely. Specifically, the Court must decide whether Plaintiff's Complaint, which alleged that Plaintiff was exposed to asbestos while working at the New York Ship Building Company in the 1950s, 1960s, and 1970s, gave Defendants sufficient notice of the possible application of a federal contractor defense, which provides the basis for federal jurisdiction.

**II.   STANDARD OF REVIEW**

Defendants removed this case pursuant to 28 U.S.C. § 1442(a)(1), the federal officer removal statute, which permits a federal officer, or person acting under such an officer, to remove to federal court any action brought against him in state court for conduct performed under federal direction. Feidt v. Owens Corning Fiberglas Corp., 153 F.3d 124, 127 (3d Cir. 1998); New Jersey Dep't of Envtl. Prot. v. Exxon Mobil Corp., 381 F. Supp. 2d 398, 401 (D.N.J. 2005). When an action is removed to federal court under 28 U.S.C. § 1442, the federal officer removal statute should be "broadly construed in order to liberally grant federal officers access to a federal forum." Thomasson v. Air & Liquid Syst. Corp., Civ. No. 13-1034, 2013 WL 3071304, at *2 (D.N.J. June 17, 2013).

To successfully remove a suit to federal court under § 1442(a)(1), a defendant must establish that (1) it is a "person" within the meaning of the statute; (2) the plaintiff's claims are based upon the defendant's conduct "acting under" a federal office; (3) it raises a colorable federal defense; and (4) there is a causal nexus between the claims and the conduct performed under color of a federal office. Feidt, 153 F.3d at 127. In order to demonstrate a colorable federal contractor defense, the Supreme Court has prescribed a three-part test:

> Liability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States.

Boyle v. United Tech. Corp., 487 U.S. 500, 512 (1988).[2]

As noted above, 28 U.S.C. § 1446(b) provides the procedure for removal, and states that removal will be timely if the defendant files a notice of removal within 30 days after being served a copy of the initial pleading. Section 1446(b) also allows for later removal of an action if the basis for removal is not set forth in the initial pleading. In that case, removal will be timely as long as the defendant files a notice of

---

[2] Whether Defendants had a proper basis for removal under § 1442(a)(1) is not in dispute here.

8

removal within 30 days of the date on which the defendant first ascertained that the case was removable based upon "a copy of an amended pleading, motion, order or other paper." 28 U.S.C. § 1446(b)(3); Costa v. Verizon New Jersey, Inc., 936 F. Supp. 2d 455, 465 (D.N.J. 2013).[3]

When determining whether an initial pleading provides sufficient notice to trigger a defendant's 30-day period to remove, a district court must analyze "whether the document informs the reader, to a substantial degree of specificity, whether all the elements of federal jurisdiction are present." Foster v. Mutual Fire, Marine & Inland Ins. Co., 986 F.2d 48, 53 (3d Cir. 1993), rev'd on other grounds, Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999); Thomasson v. Air & Liquid Syst. Corp., Civ. No. 13-1034, 2013 WL 3071304, at *3 (D.N.J. June 17, 2013) (following Foster); Entrekin v. Fisher Scientific Inc., 146 F. Supp. 2d 594, 606-07 (D.N.J. 2001) (same). The inquiry for determining whether the pleading is sufficient is an objective one. Foster, 986 F.2d at 53; In re Asbestos Products Liab. Litig. (No. VI), 770 F. Supp. 2d 736, 740 (E.D. Pa. 2011). "'[T]he issue is not what the defendant knew, but what the relevant document said.'" Foster, 986 F.2d at

---

[3] The phrase "other paper" refers to "documents generated within the state court litigation." Pack v. AC and S, Inc., et al., 838 F. Supp. 1099, 1101 (D. Md. 1993).

53 (quoting Rowe v. Marder, 750 F. Supp. 718, 721 (W.D. Pa. 1990)). The Court must therefore look at the allegations contained in the Complaint to determine whether sufficient facts were presented for Defendants to establish the requisite elements of the federal officer removal statute. Thomasson, 2013 WL 3071304, at *3.

**III. ANALYSIS**

In this case, the initial pleading contained little information to enable Defendants to establish whether all the elements of federal jurisdiction are present. The Complaint merely states that Plaintiff worked as a machinist, pipe fitter and electrician at various sites throughout New Jersey, one being the New York Ship Building Company, and that he came into contact with Defendants' asbestos-containing products at one of those worksites at some point during the three decades he worked at those sites. (Compl. ¶¶ 1-6.) Plaintiff does not state which shipyards he worked at while working for the New York Ship Building Company, or whether he worked exclusively on the shipyard's grounds or worked on the ships themselves. His Complaint fails to note whether any of his jobs were aboard U.S. Navy ships or with equipment made for the U.S. Navy. Nor does it state with any detail what work Plaintiff did at the New York Ship Building Company – it does not specify, for example, what

asbestos-containing products or machinery Plaintiff interacted with, or how his duties exposed him to Defendants' products.

The Complaint also gives a broad range of time for when Plaintiff was possibly exposed to the asbestos-containing products. Plaintiff alleges only that he worked at The New York Ship Building Company at some point during the 1950s, 1960s, and 1970s, but provides no further detail about when he began working there or how long he worked there. (Id. at ¶ 1.) The three-decade long time frame provided by Plaintiff did not help narrow down the projects that Plaintiff might have been assigned to, and would not have alerted Defendants to the fact that Plaintiff was claiming to have worked on U.S. Navy ships containing Defendants' asbestos-related products.

In short, the Complaint provides no allegation that Plaintiff may have been exposed to asbestos-containing products linked to U.S. Navy or U.S. military equipment. The bare allegations that Plaintiff worked at a ship yard at some point do not suggest that the asbestos-containing products Plaintiff used were made under federal contract with government specifications, much less that there is a causal nexus between the products made under federal direction and Plaintiff's injury. The Court finds that the Complaint does not include any information "to a substantial degree of specificity" that would

11

provide notice that all the elements of federal jurisdiction are present. Cf. Winters v. Diamond Shamrock Chem. Co., 149 F. 3d 387, 398 (5th Cir. 1998) (removing defendant must demonstrate that government specified the composition of the offending product at issue so that there is a "causal nexus between the federal officer's directions and the plaintiff's claims.").

The Court is not convinced by Plaintiff's argument that notice was satisfied because the Complaint identified the New York Ship Building Company as a site for exposure, and Defendants had previously engaged in asbestos litigation and thus knew that their products were used at the New York Ship Building Company. (Mot. to Remand at 3-4.) Plaintiff essentially argues that Defendants should have known, based on past litigation experience, that Plaintiff's work at the New York Ship Building Company required him to come into contact with products made for U.S. Navy ships. However, as Plaintiff himself acknowledges, the "relevant test is not what the defendants purportedly knew, but what the[] documents [providing the basis for removal] said." (Id. at 3) (quoting Foster, 986 F.2d at 54); see also Rowe, 750 F. Supp. at 721 (noting that 28 U.S.C. § 1446(b) "focuses on what the document 'set[] forth' rather than on what a defendant actually learned from its receipt."). As discussed above, the Complaint does not mention that Plaintiff

12

worked on a Navy ship, much less which ships he worked on and what equipment he was exposed to. As the Complaint itself contained no allegations to suggest that Plaintiff worked on equipment that was commissioned by a United States government entity, Plaintiff cannot argue that Defendants nevertheless knew that the action was removable.

The case Snowden v. A.W. Chesterton Co., 366 F. Supp. 2d 157, 162 (D. Me. 2005) contains similar facts and is particularly instructive. In that case, the plaintiff argued that the complaint provided notice of a federal contractor defense where it stated only that the plaintiff's deceased husband was exposed to asbestos-containing products while working at Bath Iron Works. Similar to the complaint in this case, the complaint in Snowden did not specify the products to which the decedent was exposed or the equipment on which he worked, nor did it allege that the he had worked on particular Navy ships as part of his job at Bath Iron Works. 366 F. Supp. 2d at 160. It was not until supplemental interrogatory responses were filed that it was revealed that the plaintiff's husband had worked on particular Navy ships with turbines and related components that were manufactured by the defendant. Id. The Court held that even though the defendant had asserted the federal contractor defense in its answer, the allegations in the

complaint were insufficient to trigger removal under the federal officer removal state. Id. at 162 (holding that the allegations contained in the complaint were "far too general and sweeping to provide a basis for [Defendant] to reasonably conclude that the deceased was exposed to a product" procured by the government pursuant to a government contract). The supplemental interrogatory response was the first "paper" from which it could be ascertained that the case was removable, and removal, which came 28 days after receipt of the interrogatory responses, was timely under 28 U.S.C. § 1446. Id.

Likewise, in this case, the Court holds that the Complaint provided insufficient notice of a federal contractor defense, and the 30-day time limit for removal was not triggered until Defendants received Plaintiff's Interrogatory Answers on February 3, 2015. For the first time, Plaintiff stated that he performed work on specific U.S. Navy ships while employed at the New York Ship Building Company, and identified the equipment he used that he believed contained asbestos. Specifically, he stated that he worked on the USS Savannah, USS Kitty Hawk, USS Bonefish, and USS Little Rock, and used Foster Wheeler boilers; GE boiler propulsions, motors, and turbines; and Westinghouse electrical cabinets, generators, and turbines. (Interrog. Resp., at I.6.) Plaintiff's Interrogatory Answers gave the first

indication of a federal contractor defense because his work on U.S. Navy ships gave notice to Defendants that the asbestos-containing products he encountered may have been commissioned by the U.S. Navy. The Court therefore finds that the 30-day clock for removal began running on February 3, 2015. Because Defendants removed the action on February 20, 2015, 17 days after receipt of the Interrogatory Responses, the removal was well within the time limit specified under § 1446(b) and was timely.

## IV. CONCLUSION

For the reasons discussed herein, Plaintiffs' motion to remand will be denied. The accompanying Order will be entered.

| | |
|---|---|
| __July 30, 2015__ | __s/ Jerome B. Simandle__ |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |